**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178)
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE N. HERRERA,<br><br>        Plaintiff,<br><br>   v.<br><br>CAPITAL ONE BANK (USA), N.A.,<br><br>        Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET SEQ.**<br><br>**2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

**NOW COMES**, CHRISTINE N. HERRERA, by and through her undersigned counsel, complaining of CAPITAL ONE BANK (USA), N.A., as follows:

### NATURE OF THE ACTION

1.   Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* and violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code § 1788 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. CHRISTINE N. HERRERA ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Modesto, California.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

8. CAPITAL ONE BANK (USA), N.A. ("Capital One" or "Defendant") is a nationally recognized financial institution that issues credit to consumers nationwide.

9. Defendant maintains its corporate headquarters in McLean, Virginia.

10. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

11. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 2351.

13. At all times relevant, Plaintiff's number ending in 2351 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

14. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

15. Plaintiff applied for and was issued a Dress Barn credit card issued by Defendant ("subject credit card").

16. Due to an unanticipated financial hardship, Plaintiff defaulted on the terms of the subject credit card ("subject debt").

17. Beginning in June 2020, Defendant starting placing collection calls to Plaintiff's cellular phone in an attempt to collect the subject debt.

18. Upon answering Defendant's collection calls, Plaintiff experienced a significant pause and was required to say "hello" numerous times before being connected to a live representative.

19. In many of the calls that Plaintiff answered, Plaintiff was met with an extended duration of dead air and Plaintiff was unable to speak to a live representative.

20. Frustrated with the phone calls and not being able to speak to a live representative in the calls that she answered, Plaintiff placed a call to Defendant.

21. During this phone call, Plaintiff advised Defendant that she was filing for bankruptcy and provided her bankruptcy attorney's contact information to Defendant's representative.

22. Furthermore, Plaintiff advised Defendant not to call her anymore and to contact her bankruptcy attorney going forward.

23. In response to Plaintiff's request, Defendant's representative advised Plaintiff that Defendant will only stop calling Plaintiff for 12 days, and that the collection calls may restart after 12 days.

24. Plaintiff reiterated that she wants the calls to cease permanently.

25. Despite Plaintiff's request that the call cease, Defendant continued to place collection calls to Plaintiff, including phone calls from the phone number (800) 365-2024.

26. In total, Defendant placed dozens of calls to Plaintiff's cellular phone after Plaintiff requested that the calls cease.

27. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

28. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased daily productivity, aggravation that accompanies unwanted telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and functionality of her cellular phone, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her cellular phone.

29. Moreover, each time Defendant placed a collection call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

30. Concerned with Defendant's abusive collection practices, Plaintiff retained counsel to compel Defendant to cease its collection calls.

## CLAIMS FOR RELIEF

### COUNT I:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

31. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

32. As pled above, Defendant placed or caused to be placed numerous non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") without her consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

4

33. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

34. Upon information and belief, based on the lack of human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular phone number.

35. Upon information and belief, the dialing system employed by Defendant is designed to transfer the call to a live agent once a human voice is detected, thus resulting in a lengthy pause after the called party speaks into the phone.

36. Upon information and belief, the dialing system used by Defendant to place collection calls to Plaintiff has the capacity to (a) store phone numbers, and (b) dial those phone numbers automatically. *See Marks v. Crunch San Diego, LLC*, 2018 U.S. App. LEXIS 26883, at *25-26 (9th Cir. 2018) ("the statutory definition of ATDS is not limited to devices with the capacity to call numbers produced by a 'random or sequential number generator,' but also includes devices with the capacity to dial stored numbers automatically.")

37. As pled above, Plaintiff revoked consent to be called on her cellular phone during the outbound call she made to Defendant.

38. As pled above, Plaintiff was harmed by Defendant's collection calls to her cellular phone.

39. Upon information and belief, Defendant has no system in place to document and process consumer cease requests and thus continues to place collection calls to consumers after the consumers request that the calls cease.

40. Upon information and belief, Defendant has no policies and procedures in place to honor the requests of consumers that the collection calls cease.

41. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize efficiency and profits.

42. As a result of Defendant's violations of the TCPA, Plaintiff is are entitled to receive $500.00 in damages for each such violation.

43. As a result of Defendant's knowing and willful violations of the TCPA, Plaintiff is entitled to receive up to $1,500.00 in treble damages for each such violation.

**WHEREFORE**, Plaintiff requests the following relief:

A. an order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

B. an order enjoining Defendant from placing or causing to place further violating calls to Plaintiff;

C. an award of $500.00 in damages to Plaintiff for each such violation;

D. an award of treble damages up to $1,500.00 to Plaintiff for each such violation;

E. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

F. an award of such other relief as this Court deems just and proper.

## COUNT II:
**Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788 *et seq*.)**

44. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of Cal. Civ. Code § 1788.11**

45. California Civil Code § 1788.11 provides:

> No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:
>
> (d) Causing a telephone to ring repeatedly or continuously to annoy the person called; or
>
> (e) Communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debt under the circumstances.

Cal. Civ. Code. §§ 1788.11(d) and (e).

46. Defendant violated Cal. Civ. Code §§ 1788.11(d) and (e) by calling Plaintiff's cellular telephone with such frequency as to be unreasonable as well as constitute harassment.

47. As set forth above, Plaintiff requested that the collection calls cease to no avail.

48. Defendant's phone calls were made with the intent to annoy and harass Plaintiff into making a payment on the subject debt.

49. As set forth above, Plaintiff was harmed by Defendant's abusive conduct.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated Cal. Civ. Code § 1788.11;

B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with a reasonable attorney's fee as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: October 15, 2020  Respectfully submitted,

**CHRISTINE N. HERRERA**

By: /s/ *Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-mail: nick@wajdalawgroup.com